UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY HARRIS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

Case No. 17-cv-11610
Hon. Matthew F. Leitman

### OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF #15) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF #14), (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #11), (3) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF #13), AND (4) ADOPTING RECOMMENDED DISPOSITION IN THE REPORT AND RECOMMENDATION (ECF #14)

In this action, Plaintiff Johnny Harris challenges the denial of his application for disability insurance benefits under the Social Security Act. (*See* Compl., ECF #1.) Both Harris and Defendant Commissioner of Social Security (the "Commissioner") filed motions for summary judgment. (*See* Harris' Mot. for Summ. J., ECF #11; Commissioner's Mot. for Summ. J., ECF #13.) The assigned Magistrate Judge issued a Report and Recommendation in which she recommended that the Court (1) grant the Commissioner's motion for summary judgment and (2) deny Harris' motion for summary judgment (the "R&R"). (*See* ECF #14.) Harris

1

has filed objections to the R&R (the "Objections"). (*See* ECF #15.) As set forth below, the Court **OVERRULES** Harris' Objections, **DENIES** Harris' motion for summary judgment, **GRANTS** the Commissioner's motion for summary judgment, and **ADOPTS** the recommended disposition in the R&R.

I

A[1]

On May 22, 2015, Harris filed his application for disability insurance benefits, claiming disability beginning July 18, 2009. (*See* Admin. R., ECF #7-5 at Pg. ID 243-51.) The Social Security Administration (the "SSA") denied Harris' application for benefits on the ground that Harris was not disabled. (*See* Admin. R., ECF #7-3 at Pg. ID 114.) Harris thereafter requested and received a *de novo* hearing before an administrative law judge (the "ALJ"). The ALJ held an initial hearing on March 25, 2016 and then a longer hearing on October 17, 2016. (*See* Admin. R., ECF #7-2 at Pg. ID 67-96.) Harris and a vocational expert testified at the hearing.

On January 10, 2017, the ALJ issued a written decision in which he affirmed the SSA's denial of benefits. (*See id.* at Pg. ID 49-66.) The ALJ found that Harris suffered from the following severe impairments: "obesity, obstructive sleep apnea, hypertension, exercise-induced asthma, and status post L4-5 fusion . . . ." (*Id.* at Pg.

---

[1] The Court recites only the facts relevant to the Objections. A full description of the facts is available in the R&R. (*See* R&R, ECF #14 at Pg. ID 1634-42.)

ID 54.) The ALJ next concluded that none of Harris' severe impairments "met or medically equaled the severity of one of the listed impairments." (*Id.* at Pg. ID 57.)

The ALJ determined that Harris had the residual functional capacity ("RFC") to perform light work with the following limitations:

> [Harris] could not crawl, or use ladders, ropes, or scaffolds. He could only occasionally stoop, kneel, crouch and use ramps or stairs. [Harris] should have avoided even moderate exposure to fumes, odors, gases, and respiratory irritants. He must have avoided concentrated exposure to hazards including dangerous and unprotected machinery or heights. The claimant could only occasionally bend, twist, or turn at the waist. He must have been able to use a cane to ambulate.

(*Id.*)

At this step, the ALJ considered the fact that Harris "receives disability benefits from the Department of Veterans Affairs, and received such benefits during the period at issue." (*Id.* at Pg. ID 61.) The ALJ, however, gave the Veteran Affairs' disability assessment "[l]imited weight" because (1) the "VA standards for disability differ significantly from those of the [SSA]" and (2) there were "no records of treatments for many of the listed issues during the period at issue." (*Id.*)

The ALJ concluded that, given Harris' RFC, Harris could perform his past relevant work as a program analyst and logistics manager. (*See id.* at Pg. ID 61.) In making that conclusion, the ALJ relied in part on the VE's testimony at the hearing that someone with Harris' RFC could perform this work. (*See id.*) The ALJ also noted the VE's testimony that "even if [Harris] were limited to simple, unskilled

3

work in addition to the other residual functional capacity limitations, he would still be able to perform the requirements of representative occupations such as sorter/inspector []; packager/bagger []; and assembler." (*Id.*)

The ALJ ultimately concluded that Harris was not disabled from his alleged onset date, July 18, 2009, to the date of last insured, December 31, 2014. (*See id.* at Pg. ID 62.)

The Appeals Council of the Social Security Commission denied Harris' request to review. (*See id.* at Pg. ID 38.)

**B**

On May 19, 2017, Harris filed this action in which he challenges the SSA's denial of benefits. (*See* Compl., ECF #1.) Harris and the Commissioner then filed cross-motions for summary judgment. (*See* Harris' Mot. for Summ. J., ECF #11; Commissioner's Mot. for Summ. J., ECF #13.)

The Court referred the cross-motions to the assigned Magistrate Judge. On May 1, 2018, the Magistrate Judge issued the R&R in which she carefully analyzed the arguments in the summary judgment motions. (*See* R&R, ECF #14.) First, the Magistrate Judge rejected Harris' contentions that the ALJ improperly weighed the opinions of unspecified treating physicians. (*See id.* at Pg. ID 1648-49.) Second, the Magistrate Judge rejected Harris' argument that the ALJ violated SSR 96-7p, 1996 WL 374186 (July 2, 1996), which provides in relevant part that "[p]ersistent attempts

by the individual to obtain relief of pain or other symptoms . . . may be a strong indication that the symptoms are a source of distress to the individual and generally lend support to an individual's allegations of intense and persistent symptoms. (*Id.* at Pg. ID 1649-52, quoting SSR 96-7p.)  Third, the Magistrate Judge concluded that the ALJ properly relied upon testimony by the VE that Harris could perform light work with a cane. (*See id.* at Pg. ID 1652-53.)  The Magistrate Judge further concluded that, even if the ALJ erred in this regard, any error was harmless because Harris could perform sedentary work (such as his prior work as a program analyst and logistics manager) with a cane. (*See id.* at Pg. ID 1653.)  Fourth, the Magistrate Judge upheld as supported by substantial evidence the ALJ's finding that Harris could perform the sitting requirements of sedentary work. (*See id.* at Pg. ID 1654-55.)  Finally, the Magistrate Judge rejected Harris' contention that the ALJ should have given substantial weight to the VA's prior determination that Harris was disabled. (*See id.* at Pg. ID 1655-56.)

On May 16, 2018, Harris filed the Objections. (*See* ECF #15.)  Harris objects to the R&R on three grounds, and the Court addresses each objection in turn below.

## II

### A

When a party objects to a portion of a Magistrate Judge's R&R, the Court reviews that portion *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *see also Lyons v. Comm'r*

*of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

B

In reviewing the disputed findings of the ALJ, the Court is limited to determining whether those findings are supported by substantial evidence and are made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). "The substantial evidence standard presupposes that there is a zone of choice within which the Secretary may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (quotations omitted). "An ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) (citations and quotations omitted).

# III
## A

Harris first objects that "[t]he Magistrate erred when she agreed with the ALJ's finding that Plaintiff's well documented pain and use of a cane did not prevent him from light or sedentary work." (Objections, ECF #15 at Pg. ID 1661.) The Court overrules this objection for two reasons.

First, the ALJ properly relied upon the VE's testimony as support for his conclusion that Harris could perform light work with a cane. As the Magistrate Judge correctly noted, courts in this circuit "have regularly upheld ALJs' reliance on similar VE testimony in analogous factual scenarios." (R&R, ECF #14 at Pg. ID 1652-53; collecting cases.) For example, the Court in *Whayne v. Commissioner of Social Security*, 2018 WL 1256237 (E.D. Mich. Mar. 12, 2018), held that an ALJ properly relied upon a VE's testimony that a person with an RFC for light work and who uses a cane could perform a significant number of jobs in the economy. *See id.* at \*4. The Court thus found "[p]laintiff's argument that his use of a cane precludes his ability to perform light work [ ] unavailing." *Id. See also Scott v. Comm'r of Soc. Sec.*, 2015 WL 4634077, at \*\* 6-7 (E.D. Mich. July 6, 2015), *R. & R. adopted*, No. 2015 WL 4633927 (E.D. Mich. Aug. 3, 2015) (finding that VE's testimony that "there were 30,000 light jobs available that [the claimant] could perform while using

a cane for standing or walking" was sufficient to support conclusion that the claimant could perform light work).

Harris points to an SSA regulation and an SSA ruling to suggest that use of a cane necessarily prohibits light work. (*See* Objections, ECF #15 at Pg. ID 1661, citing 20 C.F.R. Part 404, Subpt. P, App. 1, § 1.00(J)(4) and SSR 96-9p, 1996 WL 374185 (July 2, 1996).) However, the regulation and ruling Harris cites only provide that use of a cane "may" impact an individual's functioning capacity. 20 C.F.R. Part 404, Subpt. P, App. 1, § 1.00(J)(4) (noting that "requirement to use a hand-held assistive device *may* [ ] impact on the individuals functional capacity . . ." (emphasis added)); SSR 96-9p, 1996 WL 374185 (stating that "the occupational base for an individual who must use [an assistive] device for balance . . . *may* be significantly eroded" (emphasis added)). Moreover, Social Security Ruling 96-9p actually advises the ALJ to consider a vocational resource like testimony from a vocational expert to help determine an individual's ability to work. *See* SSR 96-9p, 1996 WL 374185 (1996) (recognizing that, when a claimant requires a cane, "it may be especially useful to consult a vocational resource in order to make a judgment regarding the individual's ability to make an adjustment to other work"). The Court is not persuaded that the ALJ ran afoul of the regulation or ruling cited by Harris.

Second, even if the ALJ erred when he determined that Harris could perform light work, that error was harmless because the ALJ also determined that Harris

could at least perform his past sedentary work, and there was substantial evidence to support that determination.² Because Harris could perform that work, he was not disabled. Thus, correcting the alleged error raised in Harris' objection would not warrant the conclusion that Harris is entitled to benefits.

Accordingly, the Court **OVERRULES** Harris' first objection.

**B**

Harris next objects that "[t]he Magistrate erred when she found that the ALJ accurately considered [Harris' prior disability determination by VA]." (Objections, ECF #15 at Pg. ID 1663.) In support of this objection, Harris cites to a case from the Eleventh Circuit Court of Appeals that held that "'findings of disability by another agency, although not binding on the Secretary, are entitled to great weight.'" (*Id.* at Pg. ID 1663, quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1241 (11th Cir. 1983).) The Court overrules Harris' second objection because the ALJ adequately

---

² This evidence included that (1) despite Harris' complaints of back pain, he worked for five years after his spinal injury and surgery, did not receive treatment for back pain for a number of years, and exercised regularly (Admin. R., ECF #7-2 at Pg. ID 59-61), (2) a physician determined that Harris could perform light work (*id.* at Pg. ID 60), and (3) Harris could tolerate the sitting requirements of at least sedentary work. (*See* R&R, ECF #14 at Pg. ID 1654-55; collecting evidence.) Harris counters by identifying "medical records support his inability to maintain any work." (Objections, ECF #15 at Pg. ID 1662.) But this evidence does not negate the other evidence that Harris could work. The R&R thus properly concluded that the ALJ's determination that Harris could perform his prior sedentary work is "'supported by substantial evidence'" and falls within the permissible "'zone of choice.'" (R&R, ECF #14 at Pg. ID 1654, quoting *Felisky*, 35 F.3d at 1035.)

9

considered the VA disability determination in the manner required by the Sixth Circuit.

As the Magistrate Judge observed, the Sixth Circuit does not require that another agency's determination be accorded great weight. Instead, in this Circuit, a VA determination of total disability is "only one factor to be considered in making a social security disability finding." *Ritchie v. Commissioner of Social Security*, 540 F. App'x 508 (6th Cir. 2013). *See also King v. Commissioner of Social Security*, 779 F.Supp.2d 721, 726 (E.D. Mich. 2011) ("However, the VA's decision [finding claimant totally disabled] is simply another fact that the ALJ must take into account when considering all the evidence.") The ALJ "'should explain the consideration [of a VA disability determination] in the notice of [his] decision.'" *LaRiccia v. Commissioner of Social Security*, 549 F. App'x 377, 388 (6th Cir. 2013) (quoting SSR 06-03p, 2006 WL 2329939, at * 7 (Aug. 9, 2006)).

Here, the ALJ did consider the VA's disability determination in light of all of the evidence and did explain that consideration in his decision. Specifically, he explained that he gave the VA's assessment of Harris' condition "limited weight" because "the VA standards for disability differ significantly from those of the Social Security Administration" and because "[t]here are no records of treatment for many of the listed issues during the period in question." (Admin. R., ECF #7-2 at Pg. ID 61.) This explanation was adequate, and the reasons for giving the VA's

determination limited weight were permissible. *See King*, 779 F.Supp.2d at 726 ("There may be good reason for a different outcome, such as an incongruity in the disability standards of the respective agencies . . . .")

Accordingly, the Court **OVERRULES** Harris' second objection.

## C

Finally, Harris objects that "[t]he Magistrate erred in finding the ALJ's decision was supported by substantial evidence." (Objections, ECF #15 at Pg. ID 1663.) Harris contends that the ALJ's disability determination is not supported by substantial evidence and that the ALJ and Magistrate Judge made "the above outlined legal errors and/or all of the legal errors outlined in Plaintiff's Motion for Summary Judgment." (*Id.* at Pg. ID 964.) This general objection is inadequate. Harris fails to identify the evidence that she claims the Magistrate Judge or ALJ misconstrued or overlooked, and she refers only to unspecified "above outlined legal errors" and "all of the legal errors outlined in Plaintiff's Motion for Summary Judgment." (*Id.*) Where a party presents objections that do "not specifically address how [a] report's factual and legal recommendations [are] incorrect," those objections are "waived." *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482 (6th Cir. 2001); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear

enough to discern those issues that are dispositive and contentious."). Harris' general reference to legal errors is insufficient to warrant the Court's review. *See Hartsfield v. Comm'r of Soc. Sec.*, 2017 WL 1160624, at *4 (E.D. Mich. Mar. 29, 2017) (holding that an "objection [which] does not specify or explain how the ALJ or magistrate judge 'misconstrued' the evidence or what the 'outlined legal errors are . . . amounts to little more than a general objection, which 'has the same effect as would a failure to object'" (quoting *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). Accordingly, the Court **OVERRULES** this objection.

## IV

For the reasons stated above, **IT IS HEREBY ORDERED** that:

- Harris' Objections to the R&R (ECF #15) are **OVERRULED**;

- Harris' Motion for Summary Judgment (ECF #11) is **DENIED**;

- The Commissioner's Motion for Summary Judgment (ECF #13) is **GRANTED**; and

- The Court **ADOPTS** the recommended disposition in the R&R (ECF #14).

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 10, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 10, 2018, by electronic means and/or ordinary mail.

            s/Holly A. Monda
            Case Manager
            (810) 341-9764